**UNITED STATES of America, Plaintiff,**

v.

**Shellie Lee LANGMADE, Defendant.**

**No. CRIM. 99–26(PAM/JGL).**

United States District Court, D. Minnesota.

Jan. 16, 2001.

### RECUSAL ORDER

MAGNUSON, District Judge.

On October 4, 1999, Defendant Shellie Lee Langmade ("Langmade") pled guilty before the undersigned Judge to conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). According to the Presentence Investigation Report ("PSI"), two points were added to Langmade's criminal history score for two 1993 misdemeanor convictions for issuing bad checks in Anoka County, Minnesota. *See* U.S.S.G. §§ 4A1.1 and 4A1.2(c)(1). The amounts at issue were staggeringly minor: $45 in one case; $38.50 in another. Langmade pled guilty to each violation. For each offense, she received 30 days in jail, stayed, and one year of probation. Under § 4A1.2(c)(1)(A), probation for less than one year does not count for criminal history purposes. Therefore, had Langmade received just one day less of probation, no criminal history points would have attached.

With the two points included, Langmade had a total criminal history score of 3 and was therefore ineligible for the safety valve of § 5C1.2. She thus faced the ten-year mandatory minimum sentence prescribed by statute. *See* 21 U.S.C. § 841(b)(1)(A). On March 24, 2000, I sentenced Langmade to a term of imprisonment for 70 months, concluding that the bad check convictions should not be considered in determining Langmade's eligibility for safety valve status. The Government appealed, arguing that the Court's sentence was contrary to both the Sentencing Guidelines and Eighth Circuit law.

While the appeal was pending, Langmade's attorney, Paul Schneck ("Schneck"), filed a motion in Anoka County—with my full approval and support—to expunge Langmade's two bad check convictions. If the convictions were expunged, Langmade would clearly qualify for safety valve status. Although the district judge presiding over the case had initially indicated a willingness to grant expungement, the Government intervened and persuaded him to deny Schneck's motion.

The Eighth Circuit has since vacated the sentence I imposed and remanded the case for resentencing. Langmade now faces at least 10 years' imprisonment. For the following reasons, I must recuse from hearing this matter on remand.

First and foremost, I continue to believe that a sentence of 10 years' imprisonment under the circumstances of this case is unconscionable and patently unjust. Upon resentencing, Langmade will be sacrificed on the altar of Congress' obsession with punishing crimes involving narcotics. This obsession is, in part, understandable, for narcotics pose a serious threat to the welfare of this country and its citizens. However, at the same time, mandatory minimum sentences-almost by definition-

prevent the Court from passing judgment in a manner properly tailored to a defendant's particular circumstances. This is one case in which a mandatory minimum sentence clearly does not further the ends of justice. A sentence of 70 months' imprisonment is more than adequate to punish Langmade for her crime.

Second, I am so embittered by the Government's merciless conduct in this case that I simply could not be impartial upon resentencing. I strongly believe that without the Government's intervention in the Anoka County expungement proceedings, Langmade would not now be facing a 10 year mandatory minimum sentence. The Government's conduct is particularly egregious given that the plea agreement contemplated a sentence of 70–86 months. The Government's relentless pursuit of at least an additional 50 months is bewildering, unjustified, and petty.

Finally, Langmade's unjust sentence will, in large part, have been caused by mere fortuity. Had Langmade been sentenced to one day less of probation for each misdemeanor bad check conviction, she would not have been assigned two additional criminal history points. If the sentencing court in those cases could have foreseen the draconian sentence that must now follow, I am confident that the terms of probation would have been less than one full year.

In addition, although not the practice in larger cities, bad checks are routinely used as collection devices by small-town banks. I strongly believe that if Langmade had written the checks in a metropolitan area, rather than a rural community such as Anoka, she never would have been prosecuted and would not now be facing a minimum of 10 years' imprisonment. These facts, together with the Government's inequitable conduct and the unjust sentence that the Eighth Circuit requires me to impose, renders me unable and unwilling to further preside over this case.

Accordingly, **IT IS HEREBY ORDERED** that pursuant to this Court's As-signment of Cases Order dated November 9, 2000, the Clerk of Court reassign Defendant Shellie Lee Langmade from the Master Criminal Assignment List.